IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF TEXAS

| | | |
|---|---|---|
| **NICHOLAS LACKEY,** | § | **CIVIL ACTION NO:** |
| | § | |
| **PLAINTIFF** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **v.** | § | |
| | § | **PLAINTIFF'S ORIGINAL** |
| | § | **COMPLAINT** |
| **OFFICERS ABEL SALAZAR #1037,** | § | |
| **AUSTIN PALMER #1045,** | § | |
| | § | |
| **(individually)** | § | **DALLAS DIVISION** |
| | § | |
| **DEFENDANTS** | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW, Plaintiff Nicholas Lackey, to file this, his original complaint against Defendants, SALAZAR AND PALMER:

## INTRODUCTION

**1.** This is an action under 42 U.S.C. § 1983 that arises out of the unreasonable search and seizure of Plaintiff Nicholas Lackey that occurred on September 22, 2015 when Defendants Salazar and Palmer unlawfully used unreasonable and excessive force against Mr. Lackey during a traffic stop in Dallas, Texas. Beginning with Defendant Salazar's decision to not provide Mr. Lackey with a reason for asking him to step out of his vehicle, continuing with Defendant Salazar and Palmer's decision to physically remove Mr. Lackey from the vehicle by placing him in a chokehold, and their beating Mr. Lackey's head into the steering wheel or dashboard, digging their knees into his back and neck and striking him while he was handcuffed, and finally throwing Mr. Lackey head and neck first onto the

11

hood of Defendant Salazar's police car, **each and every use (as well as the cumulative use) of force against Mr. Lackey constituted excessive and unreasonable use of force in violation of Mr. Lackey's constitutional rights.** Under well-established law on the excessive and unreasonable use of force, none of the Defendants who used excessive force against Mr. Lackey are entitled to qualified or any other immunity for these actions.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988 and the Fourth Amendment to the United States Constitution, made applicable to the Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights).

3.     Venue lies in U.S. Northern District of Texas, Dallas division, the district and division, in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.     Plaintiff Nicholas Lackey is an individual residing in Arlington, Texas.

5.     Defendant ABEL SALAZAR (Defendant Salazar) is an individual residing in Dallas County, Texas. The acts and omissions complained of herein arise from the conduct of Defendant Salazar while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Salazar's employment and authority as a deputy sheriff with the Dallas Sheriff's department.

6.     Defendant Austin Palmer (Defendant Palmer) is an individual residing in Dallas County, Texas. The acts and omissions complained of herein arise from the conduct of Defendant Palmer while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Palmer's employment and authority as a deputy sheriff with the Dallas Sheriff's department.

11

## FACTUAL BACKGROUND

7. On September 22, 2015, Defendant Salazar initiated a traffic stop against Plaintiff Lackey at or about 700 Stemmons Parkway in Dallas, TX.

8. Upon arriving at Mr. Lackey's vehicle after the stop, Defendant Salazar asked Plaintiff Lackey for his driver's license. Mr. Lackey provided the officer with his driver's license. Defendant Salazar then returned to his vehicle.

9. Defendant Salazar remained in his vehicle for approximately seven minutes. After that time passed, Defendant Salazar returned to Mr. Lackey's vehicle, accompanied by Defendant Palmer.

10. At that time, Defendant Salazar asked Mr. Lackey to step out of the vehicle. In response, Mr. Lackey asked why he was being asked to step out of the vehicle.

11. Defendant Salazar then raised his voice at Mr. Lackey, stating aggressively: "I am going to tell you one more time, "step out of the car for me." Defendant Salazar then asked Mr. Lackey to step out of the vehicle four additional times in a rapid succession. Deputy Lackey never responded to Mr. Lackey's question asking for the reason why he was being asked to step outside of the vehicle.

12. Rather than providing Mr. Lackey with his reasoning or any other response, Defendant Salazar reached into Mr. Lackey's vehicle, opened the door, and tried to physically remove Mr. Lackey by excessive physical force, with the help of Deputy Palmer. Specifically, Defendant Salazar and Defendant Palmer placed Mr. Lackey in a chokehold, twisting and squeezing his neck. The Defendants also hit Mr. Lackey's head against the steering wheel or dashboard, grabbed and pulled his hair, dug their knees on Mr. Lackey's back and neck, and continued to strike and hurt him, even after they had placed him in handcuffs. Defendant Salazar and Palmer's excessive beating of Mr. Lackey continued for

11

seven and a half minutes until they were able to pull Mr. Lackey out of his vehicle.

13. At that point, the Defendants shoved a handcuffed Mr. Lackey onto the hood of Defendant Salazar's police vehicle, head first, making hard and forceful contact between Mr. Lackey's head and neck and the hood.

14. As a result of the deputies' excessive force, Mr. Lackey suffered a broken neck at the C7 vertebra. The Defendants also caused Mr. Lackey to suffer cervical faucet syndrome, a sprain/strain of the cervical spine, and a head contusion.

15. Additionally, the Defendants also placed the handcuffs excessively tight on Mr. Lackey's wrist to cause Mr. Lackey pain. The excessively tight handcuffs caused Mr. Lackey to suffer neuropraxia and nerve damage to the wrists.

16. In sum, as a direct and proximate result of the excessive force and beating caused by the Defendants, Plaintiff Lackey suffered severe, serious and permanent physical injuries and attendant pain, suffering, and inconvenience.

17. Additionally, Plaintiff Lackey also incurred substantial medical expenses and lost time from school and work resulting in lost income, lost opportunities at work, and other associated damages.

### COUNT 1: PLAINTIFF'S CIVIL RIGHTS CLAIM FOR USE OF EXCESSIVE AND UNNECESSARY FORCE AGAINST DEFENDANTS SALAZAR AND PALMER UNDER 42 U.S.C. § 1983

18. Mr. Lackey repeats and realleges each of the facts alleged in paragraphs 1-17.

19. Plaintiff brings a claim against Defendants Salazar and Palmer for use of excessive and unnecessary force, pursuant to 42 U.S.C. § 1983 and for punitive damages.

20. Force is excessive, and therefore violates the Fourth Amendment, if it is

11

not reasonable in light of the circumstances facing the officer. *See Graham v. Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that the Defendant Officers' actions here were clearly unreasonable.

21. Specifically, it was unreasonable for:

   a. Defendant Salazar to refuse to provide Mr. Lackey a reason why he was asking him to step out of the vehicle;

   b. Defendants Salazar and Palmer to decide to remove Mr. Lackey from his vehicle by excessive force;

   c. Defendant Salazar and Defendant Palmer to place Mr. Lackey in a chokehold, twisting and squeezing his neck;

   d. Defendants Salazar and Palmer to hit Mr. Lackey's head against the steering wheel or dashboard, grab and pull his hair, and dig their knees on Mr. Lackey's back and neck;

   e. Defendants Salazar and Palmer to continue to strike and hurt Mr. Palmer, even after they had placed him in handcuffs.

   f. Defendants Salazar and Palmer to physically abuse Mr. Lackey for seven and a half minutes until they were able to pull Mr. Lackey out of his vehicle.

   g. Defendants Salazar and Palmer to shove a handcuffed Mr. Lackey onto the hood of Defendant Salazar's police vehicle, head first, making hard and forceful contact between Mr. Lackey's head and neck and the hood.

22. Therefore, by using excessive and unnecessary force while acting under color of state law, Deputy Sheriffs Salazar and Palmer violated Mr. Lackey's rights under the

11

Fourth and Fourteenth Amendments to the United States Constitution and caused his physical injuries, his mental and emotional distress and injuries, lost income, pain and suffering, and his hospital bills. Defendants are therefore liable to Plaintiff for all compensatory and exemplary damages and his attorneys' fees and costs.

23. Defendants' actions violated clearly established constitutional law and Defendants are not entitled to qualified immunity.

### **REQUEST FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 1988**

24. Plaintiff is entitled to his attorneys' fees and costs in this action under 42 U.S.C. § 1988. Plaintiff therefore requests that the Court and jury grant his request for attorneys' fees and costs.

### **JURY DEMAND**

25. Plaintiff respectfully requests a jury trial under Federal Rule of Civil Procedure 8(b).

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that Plaintiff have judgment against Defendants, jointly and severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, costs of court, attorney's fees and expenses and all other relief to which Plaintiff is justly entitled, at law or in equity. Respectfully submitted,

 /s/ Dimitri Dube
Dimitri Dube
TX State Bar No. 24068944
Dimitri Dube PC

11

        325 N. St. Paul
        Street Suite 2750
        Dallas, TX 75201
        469.484.5021 tel.
        214.975.2010 fax
        dimitridubepc@gmail.com

        /s/ Ezekiel Tyson Jr. _____

      Ezekiel Tyson Jr.
     State Bar No. 24034715
      342 W. Montana Ave.
      Dallas, Texas 75224
      Telephone: 214-942-9000
      Facsimile: 214-942-9001
       Tyson@thetysonlawfirm.com