IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS LACKEY, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | 3:17-CV-02345-B |
| ABEL SALAZAR and AUSTIN | § | |
| PALMER, | § | |
|     Defendants. | § | |
| | § | |

## ORIGINAL ANSWER OF DEFENDANT SALAZAR

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Officer Abel Salazar ("Officer Salazar"), in his individual capacity, and for his Original Answer to Plaintiff's Original Complaint (Doc. 1) admits, denies, and alleges as follows:

### I.
### GENERAL DENIAL

Except as herein expressly provided below and except for those allegations which may constitute admissions against the interest of Plaintiff, Officer Salazar denies each and every allegation of the Plaintiff's Original Complaint and demands strict proof thereof.

### II.
### RESPONSIVE PLEADINGS

**A.**     **Jurisdiction and Venue**

No contest.

**B.**     **Parties**

No contest.

**C.**     **Specific Denials**

1. Except as otherwise expressly provided herein, Officer Salazar specifically denies the allegations contained in Paragraphs 1, 11, 12, 13, 15, 16, 17, 20, 21, 22, 23, and 24 of Plaintiff's Original Complaint.

2. Officer Salazar specifically denies hitting or beating Plaintiff.

3. Officer Salazar specifically denies striking Plaintiff's head into the dashboard or steering wheel.

4. Officer Salazar specifically denies digging his knees into Plaintiff's back.

5. Officer Salazar specifically denies placing Plaintiff into a hold with the intention of choking him or twisting his neck.

6. Officer Salazar specifically denies that when he grabbed Plaintiff's hair in an attempt to prevent Plaintiff from jumping into the unsecure back seat of Plaintiff's car that he did so with the intention of pulling Plaintiff's hair or causing him pain.

7. Officer Salazar specifically denies placing handcuffs on Plaintiff in an excessively tight manner.

8. Officer Salazar specifically denies shoving Plaintiff on to the hood of the police car.

9. Officer Salazar specifically denies that he violated any of Plaintiff's federal constitutional or statutory rights or any rights secured under state law as alleged in Plaintiff's Original Complaint. More particularly, Officer Salazar specifically denies that he violated Plaintiff's constitutional right not to be subjected to excessive force pursuant to the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

10. Officer Salazar specifically denies that Plaintiff sustained any physical injury that resulted directly and only from the use of force by Officer Salazar that was clearly excessive to the need and that was objectively unreasonable.

11. Officer Salazar specifically denies Plaintiff is entitled to compensatory damages, punitive damages, pre-judgment or post judgment interest, court costs, attorney's fees or any other relief demanded from him in Plaintiff's Original Complaint.

### D. No Knowledge

Except as otherwise expressly provided herein, Officer Salazar has insufficient knowledge or information at this time to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Original Complaint.

### E. Admissions

1. Except as otherwise expressly provided herein, Officer Salazar admits the allegations contained in Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 18, 19, and 25 of Plaintiff's Original Complaint.

2. During the traffic stop, Officer Salazar admits that he repeatedly requested that Plaintiff exit his vehicle because Plaintiff had a suspended driver's license and did not have valid plates on his car. Officer Salazar had probable cause to detain and arrest Plaintiff.

3. Officer Salazar admits that he did not inform Plaintiff that he was going to tow his vehicle prior to removing him from the car because he believed Plaintiff, who was agitated, belligerent, and non-cooperative from the beginning of the traffic stop, would become even more agitated. Officer Salazar was concerned that Plaintiff posed a risk to officer safety and/or to Plaintiff.

4. Officer Salazar admits that when Plaintiff refused to exit the vehicle despite the officer ordering him to do so multiple times, he reached into Plaintiff's vehicle, opened the door, and tried to remove Plaintiff from the vehicle with physical force. Plaintiff pushed Officer Salazar's hand away, actively resisted, and retreated into the front seat of the car instead of following Officer Salazar's instructions to step out of the car.

5. After Plaintiff resisted being removed from the car, Officer Salazar admits there was a prolonged struggle inside the very small, confined space of the vehicle as the officers attempted to restrain and handcuff Plaintiff, who was actively resisting the whole time.

6. Officer Salazar admits that when Plaintiff attempted to jump into the back seat, Officer Salazar reflexively reached toward Plaintiff, grabbing his hair, in an attempt to maintain a hold on him and to keep him in the front seat for officer safety. When that proved

ineffectual, Officer Salazar released Plaintiff's hair.

7. Officer Salazar admits that he placed Plaintiff in a hold, placing his arms around Plaintiff's upper chest area in order to restrain Plaintiff after a prolonged struggle inside the vehicle. Officer Salazar admits that his arm came into contact with Plaintiff's neck at that time but that he did not intend to choke or twist Plaintiff's neck.

8. Officer Salazar admits that either he or Officer Palmer handcuffed Plaintiff while Plaintiff was lying face down in the front seat of the car. Officer Salazar admits that one of the officers may have placed his knee on Plaintiff's back while handcuffing Plaintiff in accordance with standard operating procedure and officer training on how to safely restrain and handcuff a person who is resisting.

9. Officer Salazar admits that after being handcuffed, Plaintiff was placed, with his chest down, against the hood of a police car while being searched for weapons.

### III.
### AFFIRMATIVE DEFENSES

**1. Failure to State a Claim**

Officer Salazar asserts that Plaintiff has failed to state an actionable federal claim against him under 42 U.S.C. § 1983, upon which relief may be granted by the Court.

**2. Qualified and Official Immunity**

Officer Salazar asserts that Plaintiff's claims for monetary damages against him are barred by the doctrines of qualified and official immunity. Officer Salazar asserts that he is entitled to such immunity because at all times he was acting in good faith and within the

course and scope of his authority as an officer, he did not violate clearly established law of which a reasonable person would have known, and a reasonable officer could have believed that his actions were lawful in light of clearly established law and the information he possessed at the time. In further support of his defense of qualified immunity, Officer Salazar repeats and realleges each of the facts alleged *supra.*

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Officer Salazar prays that the Court will dismiss this suit with prejudice, that Plaintiff take nothing by this action against him, that he recover his costs including a reasonable attorney's fee herein, and any other relief to which he may be justly entitled under the law.

Respectfully submitted,

FAITH JOHNSON
DISTRICT ATTORNEY

/s/ Tammy J. Ardolf
TAMMY J. ARDOLF
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 90001536
Tammy.Ardolf@dallascounty.org
FEDERAL LITIGATION SECTION
FRANK CROWLEY COURTS BUILDING
133 N. RIVERFRONT BLVD., L.B. 19
DALLAS, TEXAS 75207
PHONE:  (214) 653-3692
FAX:     (214) 653-2899

ATTORNEYS FOR DEFENDANT
OFFICER ABEL SALAZAR
IN HIS INDIVIDUAL CAPACITY

## **CERTIFICATE OF SERVICE**

In accordance with the Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and Local Rule 5.1(d), I hereby certify that a true and correct copy of the foregoing instrument has been electronically served upon all parties.

<u>/s/ Tammy J. Ardolf</u>
TAMMY J. ARDOLF
