IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS LACKEY, | § | |
|    Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | 3:17-CV-02345-B |
| ABEL SALAZAR and AUSTIN | § | |
| PALMER, | § | |
|    Defendants. | § | |
| | § | |

## ORIGINAL ANSWER OF DEFENDANT PALMER

TO THE HONORABLE JUDGE OF SAID COURT:

  COMES NOW Defendant Officer Austin Palmer ("Officer Palmer"), in his individual capacity, and for his Original Answer to Plaintiff's Original Complaint (Doc. 1) admits, denies, and alleges as follows:

### I.
### GENERAL DENIAL

  Except as herein expressly provided below and except for those allegations which may constitute admissions against the interest of Plaintiff, Officer Palmer denies each and every allegation of the Plaintiff's Original Complaint and demands strict proof thereof.

### II.
### RESPONSIVE PLEADINGS

**A.** **Jurisdiction and Venue**

  No contest.

**B.**    **Parties**

No contest.

**C.**    **Specific Denials**

1. Except as otherwise expressly provided herein, Officer Palmer specifically denies the allegations contained in Paragraphs 1, 11, 12, 13, 15, 16, 17, 20, 21, 22, 23, and 24 of Plaintiff's Original Complaint.

2. Officer Palmer specifically denies hitting or beating Plaintiff.

3. Officer Palmer specifically denies striking Plaintiff's head into the dashboard or steering wheel.

4. Officer Palmer specifically denies digging his knees into Plaintiff's back.

5. Officer Palmer specifically denies placing Plaintiff in a chokehold or otherwise, twisting, choking, or grabbing Plaintiff's neck.

6. Officer Palmer specifically denies grabbing or pulling Plaintiff's hair.

7. Officer Palmer specifically denies placing handcuffs on Plaintiff in an excessively tight manner.

8. Officer Palmer specifically denies shoving Plaintiff head first on to the hood of the police car.

9. Officer Palmer specifically denies that he violated any of Plaintiff's federal constitutional or statutory rights or any rights secured under state law as alleged in Plaintiff's Original Complaint. More particularly, Officer Palmer specifically denies that he violated

Plaintiff's constitutional right not to be subjected to excessive force pursuant to the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

10. Officer Palmer specifically denies that Plaintiff sustained any physical injury that resulted directly and only from the use of force by Officer Palmer that was clearly excessive to the need and that was objectively unreasonable.

11. Officer Palmer specifically denies Plaintiff is entitled to compensatory damages, punitive damages, pre-judgment or post judgment interest, court costs, attorney's fees or any other relief demanded from him in Plaintiff's Original Complaint.

**D.   No Knowledge**

Except as otherwise expressly provided herein, Officer Palmer has insufficient knowledge or information at this time to admit or deny the allegations contained in Paragraphs 9 and 14 of Plaintiff's Original Complaint.

**E.   Admissions**

1. Except as otherwise expressly provided herein, Officer Palmer admits the allegations contained in Paragraphs 2, 3, 4, 5, 6, 7, 8, 10, 18, 19, and 25 of Plaintiff's Original Complaint.

2. Officer Palmer admits that when Plaintiff refused to exit the vehicle despite Officer Salazar ordering him to do so multiple times, he assisted Officer Salazar in physically removing Plaintiff from the car.

3. After Plaintiff resisted being removed from the car, Officer Palmer admits there was a prolonged struggle inside the small and confined space within the vehicle as the officers attempted to restrain and handcuff Plaintiff, who was actively resisting.

4. Officer Palmer admits that either he or Officer Palmer handcuffed Plaintiff while Plaintiff was lying face down in the front seat of the car. Officer Palmer admits that one of the officers may have placed his knee on Plaintiff's back while handcuffing Plaintiff in accordance with standard operating procedure and officer training on how to safely restrain a person for handcuffing.

5. Officer Palmer admits that after being handcuffed, Officer Palmer placed Plaintiff, with his chest down, against the hood of a police car while Plaintiff was being searched for weapons.

## III.
## AFFIRMATIVE DEFENSES

**1. Failure to State a Claim**

Officer Palmer asserts that Plaintiff has failed to state an actionable federal claim against him under 42 U.S.C. § 1983, upon which relief may be granted by the Court.

**2. Qualified and Official Immunity**

Officer Palmer asserts that Plaintiff's claims for monetary damages against him are barred by the doctrines of qualified and official immunity. Officer Palmer asserts that he is entitled to such immunity because at all times he was acting in good faith and within the course and scope of his authority as an officer, he did not violate clearly established law of

which a reasonable person would have known, and a reasonable officer could have believed that his actions were lawful in light of clearly established law and the information he possessed at the time. In further support of his defense of qualified immunity, Officer Palmer repeats and realleges each of the facts alleged *supra*.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Officer Palmer prays that the Court will dismiss this suit with prejudice, that Plaintiff take nothing by this action against him, that he recover his costs including a reasonable attorney's fee herein, and any other relief to which he may be justly entitled under the law.

Respectfully submitted,

FAITH JOHNSON
DISTRICT ATTORNEY

/s/ Tammy J. Ardolf
TAMMY J. ARDOLF
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 90001536
Tammy.Ardolf@dallascounty.org
FEDERAL LITIGATION SECTION
FRANK CROWLEY COURTS BUILDING
133 N. RIVERFRONT BLVD., L.B. 19
DALLAS, TEXAS 75207
PHONE: (214) 653-3692
FAX:    (214) 653-2899

ATTORNEYS FOR DEFENDANT
OFFICER AUSTIN PALMER
IN HIS INDIVIDUAL CAPACITY

## CERTIFICATE OF SERVICE

In accordance with the Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and Local Rule 5.1(d), I hereby certify that a true and correct copy of the foregoing instrument has been electronically served upon all parties.

/s/ Tammy J. Ardolf
TAMMY J. ARDOLF
