UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS LACKEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-2345-B |
| | § | |
| ABEL SALAZAR and AUSTIN PALMER | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Motion for a More Definite Statement under Rule 7(a). Doc. 7. Defendants request that the Court order Plaintiff to file a detailed response to their defense of qualified immunity. *Id.* Having considered Defendants' request, the Court finds that such a response is warranted in this case. Therefore, Defendants' motion is **GRANTED**.

Under Rule 7(a) of the Federal Rules of Civil Procedure, "the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity" in civil rights cases to ensure that "plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Schultea v. Wood*, 47 F.3d 1427, 1433–34 (5th Cir. 1995) (en banc). The district court's discretion not to order a reply is "narrow indeed when greater detail might assist" in resolving the qualified immunity defense. *Shultea*, 47 F.3d at 1434.

The Court finds, given the Defendants' assertion of the qualified immunity defense, that Plaintiff has not pleaded his claim with sufficient precision and factual specificity. Government

-1-

officials are generally entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In a §1983 claim of excessive force, a government official violates a plaintiff's Fourth Amendment right against unreasonable search and seizure when the plaintiff can demonstrate that he sustained "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008) (quoting *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007)).

Here, Plaintiff has not demonstrated that Defendants' use of force was clearly excessive or that it was clearly unreasonable sufficiently to overcome the Defendants' entitlement to qualified immunity. Plaintiff has provided in some graphic detail the injuries he sustained because of Defendants' actions. For example, Plaintiff alleges that Defendants removed him from his vehicle by placing him in a chokehold and threw Plaintiff headfirst onto the hood of Defendant Salazar's police car, which caused Plaintiff's neck to break at vertebrae C7. Doc. 1, Pl.'s Compl. ¶¶ 1, 12–14. Plaintiff also alleges that he was placed in handcuffs that were tight enough to cause neuropraxia and nerve damage to his wrists. *Id.* ¶¶ 1, 12–15. But Plaintiff has failed to sufficiently plead facts that demonstrate Defendants' acts were excessive and unreasonable under the circumstances. Specifically, Plaintiff fails to allege any facts about his own conduct during the traffic stop, other than that Plaintiff provided Defendants with his driver's license and inquired "why he was being asked to step out of his vehicle." *Id.* ¶¶ 8, 10. But these actions occurred before the alleged excessive and unreasonable force began. Thus, Plaintiff has not "supported his claim with sufficient precision and

-2-

factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."

Because Plaintiff's complaint is lacking in specificity, Defendants are entitled to an order requiring him to file a reply pursuant to Rule 7(a). Accordingly, Plaintiff is **ORDERED** to file a reply by **January 9, 2018** that alleges with particularity all material facts he believes demonstrate that Defendants acted with excessive and unreasonable force. Whatever action Defendants elect to pursue must be done within fourteen (14) days after Plaintiff files his reply.

**SO ORDERED.**

December 12, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE