IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS LACKEY, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | 3:17-CV-02345-B-BT |
| ABEL SALAZAR and AUSTIN | § | |
| PALMER, | § | |
|     Defendants. | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO FED. R. CIV. P. 12(c) AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Abel Salazar ("Officer Salazar") and Austin Palmer ("Officer Palmer") (collectively referred to as "the Officers"), in their individual capacities, pursuant to Fed. R. Civ. P. 12(c) and L.R. 7.1(f), and file this reply in support of their motion for judgment on the pleadings, dismissing Plaintiff's claims against them in the above entitled and numbered suit. In support thereof the Officers show the Court as follows:

### REPLY ARGUMENT NO. 1

**PLAINTIFF'S RELIANCE UPON *DEVILLE* IS MISPLACED BECAUSE THE OFFICERS HAD PROBABLE CAUSE FOR THE TRAFFIC STOP AND ARREST, PLAINTIFF REFUSED OFFICER INSTRUCTIONS TO EXIT THE CAR, AND PLAINTIFF ACTIVELY RESISTED BEING REMOVED FROM THE CAR AND HANDCUFFED.**

Although Plaintiff claims the Officers acted unreasonably in "immediately resort[ing] to force to physically remove Mr. Lackey from his vehicle" (Doc. 19, pp. 2, 5), he glosses over the undisputed allegations in this case that support the Officers' use of force:

- The Officers had probable cause for the traffic stop and subsequent arrest. (Doc. 4, ¶ E(2)).

- Plaintiff had illegal plates on his car and a suspended driver's license and could not legally drive his car from the scene. (Doc. 4, ¶ E(2)-(3)).

- Officer Salazar did not inform Plaintiff he was being asked to step out of the car so the car could be towed, because he was concerned Plaintiff would become agitated and pose a risk to officer safety and/or to Plaintiff. (Doc. 4, ¶ E(3)).

- Plaintiff admits Officer Salazar ordered him six times to exit the vehicle. (Doc. 1, ¶¶ 10-11). Officer Salazar told Lackey "I am going to tell you one more time, 'step out of the car for me.'" (Doc. 1, ¶ 11). Plaintiff did not comply and, instead, kept demanding an explanation. (Doc. 1, ¶¶ 10-11; Doc. 15, ¶ 11).

- When Officer Salazar attempted to open the door, Plaintiff pushed the officer's hand away. (Doc. 4, ¶ E(4)). Then when Officer Salazar opened the door and attempted to remove Plaintiff from the driver's seat, Plaintiff held onto the steering wheel of the car. (Doc. 15, ¶ 7).

- Both Officers then entered the car, and Plaintiff admittedly "continued to try to hold on to the steering wheel and other items in the car in an attempt to remain in the car." (Doc. 15, ¶ 10).

- The Officers physically struggled with Plaintiff for over seven minutes while attempting to restrain and handcuff him inside the car. (Doc. 15, ¶¶ 7, 9-10). During the struggle, Plaintiff tried to crawl into the unsecured backseat of the car. (Doc. 4, ¶ E(6)). The Officers had not yet searched the back seat for weapons and were concerned about officer safety. (Doc. 4, ¶ E(6)).

- Officer Salazar placed Plaintiff in a hold and pulled backwards in an attempt to prevent Plaintiff from crawling into the backseat of the car. (Doc. 4, ¶ E(7)). It was at this point that Officer Salazar's arm came into inadvertent contact with Plaintiff's neck. (Doc. 4, ¶ E(7)).

- The Officers were then able to restrain and handcuff Plaintiff in the front seat. (Doc. 4, ¶ E(8)).

Plaintiff contends in conclusory fashion that he did not refuse to exit the car and that he did not actively resist the officers. The facts as alleged show otherwise and are in stark contrast to the facts in *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009).

*Deville* also is distinguishable because the Officers had probable cause for the traffic stop and Plaintiff's subsequent arrest. In his response, Plaintiff asserts that "[n]othing in the Court's decision [in *Deville*] regarding the use of excessive force references whether the officers had probable cause. The probable cause discussion occurred in a different part of the opinion dealing with a claim for false arrest." (Doc. 19, pp. 7-8). Plaintiff calls the existence of probable cause a "red herring." (Doc. 19, p. 7). Plaintiff is incorrect. In denying the officers qualified immunity to Deville's excessive force claim, the Fifth Circuit considered numerous factors including whether Deville was legally justified under Louisiana law in resisting an unlawful arrest, i.e. not supported by probable cause.

> **Defendants contend they are entitled to qualified immunity on plaintiffs' § 1983 excessive force claims** even if Deville has shown she was deprived of a constitutional right. When the arrest occurred, Deville had a clearly established right to be free from excessive force, and it was clearly established that the amount of force that the officers could use "depended on the severity of the crime at issue, whether the suspect posed a threat to the officers' safety, and whether the suspect was resisting arrest or attempting to flee." Accepting Deville's version of events for summary judgment purposes, this case involved: a traffic stop for a minor traffic offense **unsupported by probable cause**; **Deville's passive resistance to being removed from her car and separated from her grandchild, in compliance with her well-established rights under state law to resist an unlawful arrest (i.e. an arrest unsupported by probable cause)**; the officer's threat of calling child protective services despite no indication that the child was in distress or that Deville intended to flee; an officer who others said smelled of alcohol beating on Deville's driver's window with a heavy flashlight and breaking the window, a rough extraction of Deville from the vehicle by both officers, causing a forceful blow to Deville's abdomen; and handcuffs applied so tightly that they caused severe nerve damage [requiring multiple surgeries].

*Deville*, 567 F.3d. at 169 (citations omitted)(emphasis supplied).   Thus, the facts as alleged in this case are nothing like those in *Deville* and are certainly not "nearly identical" as represented by Plaintiff. (Doc. 19, p. 7).

### REPLY ARGUMENT NO. 2

**PLAINTIFF FAILS TO DISTINGUISH THE OFFICERS' LEGAL AUTHORITY, WHICH SUPPORTS DISMISSAL FOR FAILURE TO STATE A CLAIM.**

Plaintiff claims that the cases cited by the Officers are "inapposite" as they concern "serious crimes" and/or defendants who were "actively resisting." (Doc. 19, p. 6). But Plaintiff fails to provide the Court with any legal citation in support of this assertion. To the contrary, *Collier* concerned a traffic stop for not wearing a seat belt, during which Collier attempted to grab the Officer's pen and then pulled his hand back, turned away, and grappled with the officer when he attempted to handcuff him. *Collier v. Montgomery*, 569 F.3d 214, 216 (5th Cir. 2009) (reversing denial of summary judgment on the basis of qualified immunity). In *Weldy,* the plaintiff, a bystander to the arrest of her daughter, disobeyed officer instructions, pulled away from the officer when he grabbed her arm, and then struggled with the officers as they attempted to handcuff her. *Weldy v. Hatch*, 481 Fed.Appx. 119, 121 (5th Cir. 2012) (not designated for publication) (affirming dismissal of excessive force claim because use of force was lawful). *Gonzalez* involved a drunken man riding a bicycle, who after being stopped by police refused to relinquish his beer and then resisted being handcuffed by placing his hands and arms under his body. *Gonzalez v. Rosenberg Police Department*, No. 4:15-2471, 2016 WL 7179119, at *6-7 (S.D. Tex. Dec. 9, 2016) (granting summary judgment on the defense of qualified immunity). None of these cases involved serious crimes.

Additionally, the cases relied upon by the Officers involved the same type and amount of resistance alleged in the instant case. Plaintiff's attempt to recast the Officers' use of force as "violence against a motorist who simply asks for an explanation for why they are being asked to step out of a car for a simple traffic offense" is disingenuous and refuted by the allegations of fact. (Doc. 19, p. 6). <u>Plaintiff actively resisted the Officers' verbal instructions to step out of the car, pushed</u>

<u>Officer Salazar's hand away when the officer attempted to open the car door, and then actively resisted the Officers' efforts to remove him from the car by holding on to objects in the car and attempting to crawl into the back seat.</u> *Supra* at 2.  Courts have characterized such actions as resistance when analyzing an officer's conduct under the *Graham* framework.  For example, in *Griggs*, an officer stopped a motorist suspected of drunk driving, who then refused to follow instructions during the field sobriety test, "lurched to the side" when the officer attempted to grab his hands, and "withdrew his arms" when two officers attempted to handcuff him. *Griggs v. Brewer*, 841 F.3d 308, 313-15 (5th Cir. 2016) (affirming granting of summary judgment on the basis of qualified immunity).  *Stone* involved a motorist who locked her car door, refused the officer's instructions to exit her car, and then attempted to roll up her window to prevent the officer from unlocking her car door. *Stone v. Damons*, 252 Fed. Appx. 581, 582 (5th Cir. 2007) (not designated for publication) (affirming granting of summary judgment because officer did not use excessive force in pepper spraying and pulling resisting plaintiff from her car). Like the plaintiffs in *Griggs* and *Stone,* Plaintiff was resisting and the Officers acted lawfully in using the necessary force to restrain and handcuff him.

The Officers respectfully submit that they were not required to stand on the side of the road and continue to "negotiate" Plaintiff's exit from the vehicle. Arrests are "inherently dangerous and can escalate precipitously if the arrestee is not overcome immediately." *Poole v. City of* Shreveport, 691 F.3d 624, 631 n. 6 (5th Cir. 2012).  At the time the Officers did not know whether there were weapons in the car.  When Plaintiff refused to exit the car, despite being asked by Officer Salazar six times to do so, Officer Salazar acted lawfully and reasonably in reaching into the car and opening the door.  When Plaintiff pushed the officer's hand away and admittedly held onto the steering wheel of the car in order to stay in the driver's seat, the Officers acted lawfully and reasonably in entering

the vehicle.  When Plaintiff attempted to crawl into the unsecured back seat, Officer Salazar used lawful and reasonable force to put him in a hold and pull him back into the front seat.  When Plaintiff continued to struggle with the Officers for seven minutes in a small confined space by holding on to various objects in the car, the Officers used lawful and reasonable force in order to restrain and handcuff him. (Doc. 16, pp. 15-22).

      Finally, Plaintiff argues that he has stated a claim for the use of excessive force by the Officers' actions in allegedly using force against him while he was handcuffed.  (Doc. 19, p. 8).  The Officers do not contest that the use of force against a handcuffed defendant, who is not otherwise resisting, is unreasonable and constitutes unlawful use of force.  *See Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008).  But Plaintiff does not specifically address the Officers' argument that he has failed to allege any facts showing his alleged injuries, i.e. neck fracture and "a head contusion" resulted <u>directly and only</u> from the Officers' alleged use of force <u>after</u> he was handcuffed. (Doc. 16, pp. 22-24).  Instead, Plaintiff asserts, without any legal authority in support, that "even if any particularly unconstitutional act of Defendants did not cause physical injury, the pain, suffering, and humiliation caused by an unconstitutional action by Defendants still constitutes an injury that is actionable under 42 U.S.C. 1983." (Doc. 19, p. 4).  The Fifth Circuit Court of Appeals has held otherwise. *See Tarver v. City of Edna*, 410 F.3d 745, 751-52 (5th Cir. 2005) (holding "acute contusions of the wrist" and psychological injury is insufficient to satisfy injury requirement of a § 1983 excessive force claim).  Additionally, Plaintiff does not address the Officers' argument that neurapraxia is a minor injury causing temporary numbness, which is insufficient to meet the injury requirement for a handcuffing claim pursuant to 42 U.S.C. § 1983. (Doc. 16, pp. 25-26 – See cases cited therein).

## REPLY ARGUMENT NO. 3

**PLAINTIFF FAILS TO DISTINGUISH DEFENDANTS' LEGAL AUTHORITY, WHICH SUPPORTS DISMISSAL OF HIS CLAIMS ON THE BASIS OF QUALIFIED IMMUNITY.**

It is Plaintiff's burden to plead sufficient facts establishing that the "law so clearly and unambiguously prohibited [each defendant's] conduct that every reasonable official would understand that what [he] is doing violates [the law]." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (citing *Ashcroft v. Al-Kidd,* 563 U.S. 731, 741 (2011)). It is Plaintiff's burden to find a case in his favor that does not define the law at a "high level of generality." *Cass v. City of Abilene*, 814 F.3d 721, 732-33 (5th Cir. 2016). Plaintiff fails to do so.

In arguing that the Officers are not entitled to qualified immunity, Plaintiff relies upon the *Deville* and *Bush* cases discussed *supra* and a string of cases involving the use of tasers and a night stick in arguing that the Officers are not entitled to qualified immunity. (Doc. 19, p. 8) (citing *Ramirez v. Martinez*, 716 F.3d 369, 376 (5th Cir. 2013)); *Newman v. Guedry*, 703 F.3d 757, 762-63 (5th Cir. 2012); *Chacon v. City of Austin, Texas*, 2013 WL 2245139, at *15 (W.D. Tex. May 31, 2013)). But none of these cases would have put a reasonable officer on notice on September 22, 2015, that the Officers' actions in physically restraining, handcuffing, and removing Plaintiff from his car violated the Fourth Amendment. The facts in the cases cited by Plaintiff are so different from the circumstances confronting the Officers on September 22, 2015.

## CONCLUSION

According to Plaintiff, the Officers' actions in removing him from his car were unreasonable because Officer Salazar engaged in little or no negotiation after Plaintiff refused to follow the officer's repeated instructions to step out of the car. Plaintiff's position is untenable, however. Every traffic stop should not require that police officers, who are faced with uncertain and rapidly

evolving situations often fraught with danger, have a negotiator on standby.  The "calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Graham v. O'Connor*, 490 U.S. 386, 396-397 (1989). The Officers did not know whether Plaintiff had a weapon in the car or why he was refusing to exit the vehicle.  Their use force in removing him from the vehicle and handcuffing him was lawful and reasonable under the facts as alleged.  In the alternative, they are entitled to qualified immunity because the law was not so clearly established on September 22, 2015 that "every reasonable official would have understood that what he is doing violates" a clearly established right. *See Club Retro L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).  For these reasons, Plaintiff's claims should be dismissed.

        Respectfully submitted,

        FAITH JOHNSON
        CRIMINAL DISTRICT ATTORNEY
        DALLAS COUNTY, TEXAS

        /s/ Tammy J. Ardolf
        TAMMY J. ARDOLF
        ASSISTANT DISTRICT ATTORNEY
        TEXAS BAR NO. 90001536
        TAMMY.ARDOLF@DALLASCOUNTY.ORG
        FEDERAL LITIGATION SECTION
        FRANK CROWLEY COURTS BUILDING
        133 N. RIVERFRONT BLVD., L.B. 19
        DALLAS, TEXAS 75207
        PHONE:  (214) 653-3692
        FAX:     (214) 653-2899

        ATTORNEYS FOR DEFENDANTS
        IN THEIR INDIVIDUAL CAPACITIES

**CERTIFICATE OF SERVICE**

In accordance with the Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and Local Rule 5.1(d), I hereby certify that a true and correct copy of the foregoing instrument has been electronically served upon all parties.

/s/ Tammy J. Ardolf
TAMMY J. ARDOLF