IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS LACKEY, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | 3:17-CV-02345-B |
| ABEL SALAZAR and AUSTIN PALMER, | § | |
|     Defendants. | § | |

### DEFENDANTS ABEL SALAZAR AND AUSTIN PALMER'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THE COURT:

COME NOW Defendants Abel Salazar and Austin Palmer, pursuant to Fed.R.Civ.P. 56(c), and move for summary judgment in their favor.

### I.
### COMPLIANCE WITH LOCAL RULE 56.3

All contents required under Local Rule 56.3(a) will be set forth in this motion or brief filed in support of this motion.

### II.
### PROCEDURAL BACKGROUND

This civil rights action was filed under 42 U.S.C. §1983 by Plaintiff Nicholas Lackey ("Lackey") on September 1, 2017. (Doc. 1). Lackey brought suit against Defendants Abel Salazar and Austin Palmer (collectively referred to herein as "Defendants" or "deputies"). Lackey alleges that he was subjected to excessive force by Defendants Abel Salazar and Austin Palmer during his stop and arrest on September 22, 2015.

In their Answer, the deputies raised the affirmative defense of qualified immunity. (Doc. 4, pp. 5-6; Doc. 5, pp. 4-5). On November 9, 2017, the deputies filed a Motion to Stay Discovery and a Motion for a Rule 7(a) Reply tailored to each officer's qualified immunity defense pursuant to Fed. R. Civ. P. 7(a)(7). (Docs. 8, 9). The Court required Lackey to file a Rule 7(a) Reply to the Officers' affirmative defense of qualified immunity, which was filed on January 9, 2018. (Docs. 7, 14, 15). On January 22, 2018, the deputies filed a Rule 12(c) Motion to Dismiss for failure to state a claim for excessive use of force claim and sufficient facts to overcome the Officers' entitlement to qualified immunity. (Doc. 16). The Motion to Dismiss was denied on July 17, 2018 (Docs. 22, 27).

## III.
## GROUNDS FOR SUMMARY JUDGMENT

Defendants file the instant motion for summary judgment on the issue of whether the Officers are entitled to qualified immunity, which includes the following:

1. The evidence in the summary judgment record fails to raise a genuine issue of material fact about whether Defendants Abel Salazar and Austin Palmer used excessive force against Lackey. At the time of his arrest, Lackey pushed Deputy Salazar's hand away when he was trying to open the vehicle door, held onto the steering wheel and other items in the car, attempted to climb into the back seat when the deputies did not know his intentions or whether there were any weapons in the back seat, and struggled with the deputies in the confined space of the vehicle for over four minutes.

2. The evidence in the summary judgment record fails to raise a genuine issue of material fact as to excessive force because Lackey cannot establish that his injuries arose *directly and only* from a use of force that was clearly excessive. At the time of his arrest, Lackey was

actively resisting, holding onto the steering wheel and other parts of the vehicle. He even tried to get into the back seat of the vehicle after struggling out of the hold of the officers who had gotten him partially out of the vehicle. Injuries arising from Lackey, for example, holding onto the steering wheel and other parts of the vehicle, are not *directly and only* from a use of force that was clearly excessive. Likewise, injuries arising from Lackey pulling out of an officer's hold or trying to get into the backseat of the car as the officer is holding on to him are not *directly and only* from a use of force that was clearly excessive. Additionally, some of the injuries Lackey pleads are *de minimis* injuries such as contusions and neurapraxia.

3. The evidence in the summary judgment record fails to raise a genuine issue of material fact about whether Defendant Palmer used excessive force against Lackey by pulling his hair or putting him in a hold. Deputy Salazar admits that he was the one who pulled Lackey's hair when he reflexively reached for Lackey when Lackey tried to jump into the backseat of the car because he did not know if there was a weapon in the back of the car. Deputy Salazar also admits that he was the one to put Lackey in a hold to get control over him, placing his arms around Lackey's upper chest area in order to restrain Lackey after a prolonged struggle inside the vehicle.

4. In the alternative, the summary judgment evidence fails to establish that any use of force by Deputy Palmer and Deputy Salazar was objectively unreasonable and violated Lackey's constitutional rights pursuant to clearly-established law. Accordingly, Deputy Palmer and Deputy Salazar are entitled to qualified immunity as a matter of law.

## IV.
## SUMMARY JUDGMENT EVIDENCE

Defendants rely on the following in support of their Motion for Summary Judgment:

- Plaintiff's Complaint (Doc. 1);
- Defendants Answers (Docs 4, 5), as it relates to Plaintiff's Rule 7(a) Reply; and
- Plaintiff's Rule 7(a) Reply (Doc. 15).

Defendants also rely on the following exhibits:

**Exhibit 1**: Affidavit of Deputy Abel Salazar. (App. 1-5).

**Exhibit 2**: Affidavit of Deputy Austin Palmer. (App. 6-9).

**Exhibit 3**: Business Records Affidavit of the Dallas County Sheriff's Department with following attached records (App.10-11):

**Attachment 3-A:** Deputy Salazar Dashcam Video, dated September 22, 2015. (App.12);

**Attachment 3-B**: Deputy Palmer Dashcam Video, dated September 22, 2015. (App.13);

**Attachment 3-C**: Offense Report for the September 22, 2015 incident involving Nicholas Lackey. (App.14-22); and

**Attachment 3-D**: Texas Department of Public Safety certified abstract record for Nicholas Lackey. (App.23-25).

**Exhibit 4**: Report And Recommendation of United States Magistrate Judge, adopted in the Judgment of the court on July 17, 2018,Western District of Texas, Case 5:15-cv-00771-FB, Doc. 52, in *Raycheal Piper v. Nathn J. Preston*, 2018 WL 3193819 (W.D. Tex, 2018). (App.26-33).

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Abel Salazar and Austin Palmer pray this Court grant summary judgment in their favor and enter a judgment dismissing this action.

Respectfully submitted,

JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY

/s/ Barbara S. Nicholas
BARBARA S. NICHOLAS

      ASSISTANT DISTRICT ATTORNEY
      TEXAS BAR NO. 24032785
      Barbara.Nicholas@dallascounty.org
      CIVIL DIVISION
      ADMINISTRATION BUILDING, 5TH FLOOR
      411 ELM STREET, SUITE 500
      DALLAS, TEXAS 75202-3384
      (214) 653-6017
      (214) 653-6134 (FAX)

      and

      TAMMY J. ARDOLF
      ASSISTANT DISTRICT ATTORNEY
      TEXAS BAR NO. 90001536
      Tammy.Ardolf@dallascounty.org
      FEDERAL LITIGATION SECTION
      FRANK CROWLEY COURTS BLDG
      133 N. RIVERFRONT, LB 19
      DALLAS, TEXAS 75207-4399
      (214) 653-3690
      (214) 653-2899 (FAX)

      ATTORNEYS FOR DEFENDANTS
      ABEL SALAZAR AND AUSTIN PALMER

## CERTIFICATE OF SERVICE

In accordance with the Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and Local Rule 5.1(d), I hereby certify that a true and correct copy of the foregoing instrument has been served upon the parties by its electronic filing on April 1, 2019.

      /s/ Barbara S. Nicholas_____
      BARBARA S. NICHOLAS