IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NICHOLAS LACKEY,<br>　　　　Plaintiff,<br><br>vs.<br><br>OFFICERS ABEL SALAZAR #1037,<br>AUSTIN PALMER #1045,<br>　　　　Defendants. | §<br>§<br>§　　CIVIL ACTION NO.<br>§<br>§　　3:17-CV-2345-B<br>§<br>§<br>§<br>§ |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO
SUPPLEMENT THE SUMMARY JUDGMENT RECORD, AND BRIEF**

TO THE HONORABLE COURT:

The Defendants, Officers Abel Salazar and Austin Palmer, respond to Plaintiff Nicholas Lackey's Motion to Supplement [the] Summary Judgment Record (ECF No. 52) (the "Motion"). Defendants oppose the relief Plaintiff seeks.

## I.　SUMMARY OF THE RESPONSE

True to form, the Plaintiff, Nicholas Lackey ("Lackey"), has filed an untimely motion without conferring with Defendants, without providing the required certificate of conference, and without proffering any justification or legal authority for supplementing the summary judgment record long after briefing has concluded. The Court should deny the Motion.

## II.　RELEVANT PROCEDURAL HISTORY

Defendants filed their summary judgment motion (ECF No. 33), and a supporting brief and appendix (ECF Nos. 34, 35, 36-38) on 1 April 2019. (*See* Court's Docket.) Even though the deadline for Lackey's response had passed,[1] Defendants did not oppose Lackey's motion to extend his response deadline to 1 June 2019. (*See* ECF No. 39.) On 29 May 2019, Lackey filed a second unopposed motion to extend his response deadline, by 30 days, to 1 July 2019. (*See*

---

[1] Per this Court's Local Rule LR Lackey's response to Defendants' summary judgment motion was due

ECF No. 43.)  Then, on 1 July 2019, Lackey filed a third motion to extend his response deadline, to 12 July 2019.[2]  (*See* ECF No. 45.)

Lackey filed his response to Defendants' motion for summary judgment (ECF No. 49) and supporting documents (ECF No. 49-1)[3] on 12 July 2019.  (*See* Court's Docket.)  Defendants filed a timely[4] reply on 2 August 2019 (ECF No. 50), along with separate objections to Lackey's summary judgment evidence and a motion to strike (ECF No. 51).  On 23 August 2019, Lackey filed two papers:  a response to Defendants' motion to strike (ECF No. 53), and the motion to supplement that is the subject of this response.  Lackey did not confer with Defendants regarding the merits of his motion to supplement.  (*See* ECF No. 52.)

### III.  ARGUMENT AND AUTHORITIES IN OPPOSITION

Because Lackey provides the Court no briefing on the legal standards applicable to his motion, Defendants will do so.  Local Rule LR 56.7 provides that a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence.  N.D. Tex. Loc. Civ. R. LR 56.7.  The decision to grant or deny leave to supplement is within the Court's sound discretion.  *Willingham v. Mktg. Associates, Inc.*, No. 3:15cv1809-BN, 2016 WL 1182480, at *1 (N.D. Tex. Mar. 28, 2016) (Horan, M.J.).

Courts have denied leave to supplement where a party had ample opportunity to provide the material sought to be added to the record, and provide no explanation or justification for the

---

[2] Lackey's certificate of conference stated that "Plaintiff has requested Defendant's [sic] position on this motion, and did not receive a response prior to filing."  (ECF No. 45, at 2.)  The lack of a response is not surprising.  Lackey's only attempt to confer prior to filing was an after-hours e-mail sent at 6:55 p.m. on 1 July 2019.  (*See* ECF No. 47.)  Lackey filed his third motion for an extension at about 9:19 p.m.  (*See* Court's Docket.)  Nonetheless, Defendants did not oppose the extension Lackey sought.  (*See* ECF No. 47, at 2.)

[3] Lackey's response failed to comply with this Court's local rules in several respects.  Lackey did not file a separate response and brief (N.D. Tex. Loc. Civ. R. LR 56.5(a)); Lackey did not file a separate appendix (N.D. Tex. Loc. Civ. R. LR 56.6(b)(1)); Lackey's response contained argument and authorities (N.D. Tex. Loc. Civ. R. LR 56.4(c)); and Lackey did not number the pages of his appendix (N.D. Tex. Loc. Civ. R. LR 56.6(b)(3)).

[4] Per the Court's electronic order entered on 3 July 2019 (ECF No .48).

failure to include the information in the party's original submission.  *See, e.g.*, *Crampton v. Weizenbaum*, No. A-16-CA-00959-SS, 2017 WL 5474020, at *2 (W.D. Tex. Nov. 14, 2017), *aff'd*, 757 F. App'x 357 (5th Cir. 2018) (denying leave to supplement summary judgment record with newly obtained evidence where movant offered no explanation or justification for the delay, and had ample opportunity to obtain new declaration before court-established deadlines).  Here, Lackey fails to explain why he did not authenticate his originally submitted medical records, much less why his original declaration–which he had months to prepare–omitted information that he now deems so essential that the record requires supplementation.  (*See* Motion 2.)

More concerning, Lackey does not seek merely to correct clerical errors, such as an errant omission of a verification on a sworn statement.  *See, e.g.*, *King v. Select Portfolio Servicing, Inc.*, No. 4:15-CV-00830-KPJ, 2017 WL 5998222, at *5 (E.D. Tex. Dec. 4, 2017), *aff'd*, 740 F. App'x 814 (5th Cir. 2018) (granting defendant leave to supplement record by submitting an amended declaration where the original declaration mistakenly omitted the statement that it was made under penalty of perjury).  In *King*, the court made clear that the substance of the amended declaration was unchanged.  *Id.*  Here, however, Lackey seeks to supplement the record with an additional 53 pages of medical records.  (*Compare* ECF No. 49-1 *with* ECF No. 52-1.)  Further, Lackey's revised Declaration (ECF No. 52-2) injects new substantive matter, in the form of a new statement, "I further assert that I never had a weapon at any time during this incident," and an additional paragraph detailing alleged injuries resulting from the encounter.  (*Compare* ECF No. 49-1, at 2-4, *with* ECF No. 52-2.)

Of course, Defendants are not afforded an opportunity to respond to Lackey's untimely additional evidence, absent additional briefing.  The inevitable result is unfairness, unnecessary delay in resolving Defendants' dispositive motion, or both.  As this Court has observed, "[t]he

purpose of Local Rule 56.7 is to prevent the irresistible urges of parties to respond in kind to opposing parties' supplementation of evidence, the undue delay of resolving a pending motion and the creation of uncertainty of the ripeness of a dispositive motion." *Hyde v. Hoffman-La Roche Inc.*, No. 3:04cv1473-B, 2008 WL 2923818, at *4 (N.D. Tex. July 30, 2008) (Boyle, J.) (citing *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 3:06cv0073-D, 2007 WL 1969752, at *2 (N.D. Tex. June 27, 2007) (Fitzwater, J.)).  Lackey's Motion implicates all three concerns.  For all of these good reasons, the Court should deny Lackey's Motion.

WHEREFORE, Defendants, Abel Salazar and Austin Palmer, request that the Court deny Lackey's motion to supplement the summary judgment record, and further grant Defendants all other and further relief to which they are entitled that is consistent with this response.

Respectfully submitted,

JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

*/s/ Jason G. Schuette*
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallascounty.org

John Butrus
Assistant District Attorney
Texas State Bar No. 03537330
john.butrus@dallascounty.org

Federal Litigation Division
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
Dallas, Texas  75207
Telephone:    214-653-3692
Telecopier:    214-653-2899

>Barbara S. Nicholas
>Assistant District Attorney
>Texas State Bar No. 24032785
>barbara.nicholas@dallascounty.org
>
>Civil Division
>Administration Building, 5th Floor
>411 Elm Street, Suite 500
>Dallas, Texas 75202-3384
>Telephone:   214-653-6017
>Telecopier:   214-653-6134
>
>ATTORNEYS FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on 13 September 2019, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

Dimitri Dube
Dimitri Dube PC
325 N. St. Paul Street, Suite 2750
Dallas, Texas  75201
*Attorney for the Plaintiff*

>*/s/ J. G. Schuette*
>Assistant District Attorney